IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMUEL L. WALKER                                                                                  PLAINTIFF

vs.                                          Civil No. 04-4103

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Samuel Walker (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claims for a period of disability and disability insurance benefits (hereinafter "DIB") pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Both parties have filed appeal briefs (Doc. #8 & 9). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted herein, except as is necessary.

Plaintiff alleges that he is disabled due to: evidence of nerve root compression at C5-6 and C6-7; central posterior protrusion of C2-3 with spinal stenosis, but no cord compression; large central posterior protrusion of the C3-4 disc with moderate cord flattening; mild central cord compression of the C4-5 interspace due to central posterior protrusion; mild posterior bulging of the C6-7 disc with no cord compression at that level; neck and back pain, which

radiates into the arms and hands; numbness, pain and swelling of the hands and arms; muscle spasm; loss of grip strength; headache; loss of memory; loss of concentration; depression; poor sleep pattern; shoulder pain and injury; knee pain and injury; fibromyositis; chronic myositis; hyperlipidemia; and, hypertension. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence.

Plaintiff's application was filed on May 8, 2001, alleging an onset date of August 21, 1997 (T. 111-113). The administrative hearing was conducted on February 6, 2003 (T. 32-70), after which the ALJ issued his written decision, dated November 6, 2003 (T. 16-27).

Plaintiff then sought review by the Appeals Council (T. 11). The Appeals Council denied Plaintiff's request for review on May 14, 2004, thereby making the decision of the ALJ the final decision of the Commissioner (T. 6-8). From that decision, Plaintiff appeals to the United States District Court, Western District of Arkansas, Texarkana Division (Doc. #1). This matter is now before the undersigned by virtue of the Order of Reference and the consent of the parties (Doc. #6).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.*

AO72A
(Rev. 8/82)

We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).* It is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992).*

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b).* If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d).* If so, benefits are awarded; if not, the evaluation continues.

AO72A
(Rev. 8/82)

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded. In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

Plaintiff's past relevant work was that of a mass transit driver for the City of Detroit Department of Transportation (T. 47). Following several injuries over a twelve year period, some from on the job accidents, others from personal accidents, Plaintiff sought and received his disability/retirement from the City of Detroit (T. 61, 50-51). Prior to and following his cessation of employment, Plaintiff received mental and physical treatment from agencies and physicians in Detroit. Plaintiff later moved "home" to Arkansas to be closer to his family.

Plaintiff alleges an onset date of disability of August 21, 1997 (T. 111). According to the Commissioner, Plaintiff's date last insured for purposes of DIB was September 30, 2000 (T.

AO72A
(Rev. 8/82)

33, 106). Therefore, the relevant time period for Plaintiff's DIB application begins with August 21, 1997, and ends on September 30, 2000 (T. 33, 106).

A thorough review of the administrative record indicates that the ALJ failed to properly consider all the medical evidence with regard to Plaintiff's physical complaints. There is evidence to indicate that Plaintiff suffers from of all of his alleged complaints. The ALJ does not disagree with the medical evidence. However, the ALJ failed to consider a functional capacity report/opinion from Plaintiff's treating physician. On February 25, 2003, Dr. Nash completed a Physician's Source Statement which was 6 pages in length (T. 272-277). Therein, Dr. Nash provided detailed responses to the questions posed to him regarding Plaintiff's residual functional capacity. One month later, Dr. Nash completed a form entitled Medical Opinion to Medical Listing 1.04 (T. 287). The ALJ mentioned the one page document completed by Dr. Nash on March 24, 2003 (T. 18). However, the ALJ made no mention of the 6 page, detailed report completed by Dr. Nash with respect to the Plaintiff's residual functional capacity (T. 16-27).

The document by Dr. Nash which was mentioned by the ALJ was consisted of very little substance from the physician. The document purports to contain a reprint of listing 1.04. Following the text of the question, the document reads as follows:

> The patient's condition would meet:
>
> | | | |
> |---|---|---|
> | Medical Listing 1.04A | Yes (x) | No ( ) |
> | Medical Listing 1.04B | Yes ( ) | No ( ) |
> | Medical Listing 1.04C | Yes ( ) | No ( ) |
>
> Signature:   /s/Clayton Nash, M.D.   Date: 03-24-03

AO72A
(Rev. 8/82)

Therefore, the only portion of this page which consist of Dr. Nash's handwriting are the x which appears beside the first question, his signature and the date. No part of this document deals with the specifics of Plaintiff's specific impairments or limitations. Within his decision, the ALJ properly mentioned, discredited and disregarded the "opinion" provided in this document. An ALJ is not required to accord significant weight to the *conclusory* opinion of a treating physician. *E.g. Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 527 (8th Cir. 1991)(emphasis added).* However, the ALJ made no mention of the detailed document provided by Dr. Nash.

The Physician's Source Statement completed by Dr. Nash on February 5, 2003, contains 6 pages of the physician's handwritten opinion as to Plaintiff's specific limitations and the basis thereof (T. 272-277). Dr. Nash listed the diagnoses as chronic neck and back pain, chronic arm & leg pain/radiculopathy, carpal tunnel syndrome and fibromyalgia (T. 272). He lists Plaintiff's past medical documentation of positive EMG findings for C5-7 radiculopathy, as well as clinical history of muscle spasms and reduced spinal range of motion for a period of years as the objective and/or clinical findings upon which his opinions are based. When asked about Plaintiff's past treatment and response, Dr. Nash makes reference to "copious physical therapy" and medication which has eased, but not resolved Plaintiff's chronic pain syndrome (T. 272) He reported that medications prescribed included Abravasc, Effexor, Tylenol #3, Skelaxin and Darvocet (T. 273). The only side effect listed was drowsiness. Dr. Nash rates Plaintiff's pain as running from mild to severe, and notes that the complaints of pain are consistent with his objective findings (T. 273).

With respect to Plaintiff's ability to handle stress, Dr. Nash reported that he would

AO72A
(Rev. 8/82)

characterize Plaintiff's ability to handle stress as "not good - as patient is on anti-depressants as well as pain pills and muscle relaxers" (T. 273). Dr. Nash listed slow, limited movement as pertinent clinical observations (T. 273). After being provided the definitions of Sedentary work and Light work, Dr. Nash indicated that Plaintiff could not perform work in either category (T. 273-275). Dr. Nash indicated that Plaintiff could sit for 1 hour per day, would need to shift position at will from sitting, standing or walking (T. 274). Dr. Nash also noted that Plaintiff would need to take unscheduled breaks ever hour for 10 to 15 minutes, during an 8 hour work period (T. 274). These breaks were noted to include lying down (T. 274). In the event Plaintiff engages in prolonged sitting, Dr. Nash notes that she should slightly elevate her legs for 10 to 20% of the period she is sitting during an 8 hour work period (T. 274).

Additionally, Dr. Nash states that Plaintiff's physical symptoms cause emotional difficulties such as depression and chronic anxiety which are reasonably consistent with his physical limitations (T. 275-276). Dr. Nash writes: "he is depressive and has been on antidepressants for years" (T. 275). He lists Plaintiff's medications as including Effexor 150 mg, Skelaxin, Mobic 7.5 mg, and Norvasc 5 mg (T. 276). Dr. Nash projects Plaintiff's prognosis to be poor and that his impairment have lasted or are expected to last at least twelve months (T. 276). Likewise, he restricts Plaintiff's to "no lifting or bending with frequent breaks to sit or occasionally lay down" (T. 276).

Dr. Nash predicts that Plaintiff will routinely be absent from any employment for more than four days per month, due to his impairments (T. 276-277). He states that Plaintiff's flair-ups of pain..would preclude him from being about to work 2-3 days every 2-3 weeks" (T. 277). It is properly Dr. Nash's opinion that:

AO72A
(Rev. 8/82)

> If Mr. Walker were to try and work a 40 hour week at a sedentary job, taking 10 minute breaks every hour to sit or lay, I feel that his activities of daily living would still create painful flair-ups, causing him to lose [miss] 2-3 days of work every 2-3 weeks.

(T. 277).

Despite all these opinions and the detail provided therein, the ALJ made no mention of this document when rendering his decision. Since he is a treating physician, his opinion should be accorded substantial weight. *Eg. Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993).* Certainly, his opinion should have been considered. Specifically, the opinion of a treating physician with regard to the physical limitations of a claimant is entitled to substantial weight. *Richmond v. Shalala, 23 E.3d 1441, 1443 (8th Cir. 1994); Miller v. Shalala, 8 F.3d at 613.* Therefore, the ALJ in this matter erred by failing to consider the detailed opinion of Dr. Nash.

After careful consideration of the above record evidence, we question the ALJ's failure to mention, much less discuss, the plaintiff's alleged limitations as set forth by Dr. Nash (T. 16-27, 272-277). "Although a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency had no practical effect on the outcome of the case, *see Senne v. Apfel, 198 F. 3d 1065, 1067 (8th Cir. 1999),* the ALJ is not free to ignore medical evidence but rather must consider the whole record." *Reeder v. Apfel, 214 F. 3d 984, 988 (8th Cir. 2000).* In the case at bar, the ALJ's complete disregard for the medical evidence submitted relative to Dr. Nash's in depth opinion, is not harmless error. From the onset of the application process, Plaintiff alleged disability due, in part, to conditions of the back, neck, arms, legs and depression. These issues are not new and cannot properly be ignored. The ALJ limits his discussion the portion of Dr. Nash's latter document, which specifically address Listing 1.04,

AO72A
(Rev. 8/82)

rather than addressing his statements with respect to Plaintiff's abilities and the bases thereof. By doing so, he failed to consider the entire record before him. Therefore, this matter must be reversed and remanded for consideration of the entire record.

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff, is not supported by substantial evidence and should be reversed. This matter should be remanded for proceedings consistent with this decision. In light of the Court's decision to remand, any other issues raised by Plaintiff are not reached.

ENTERED this 29th day of August, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)